UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NASIR A. SHAH,

       *Plaintiff*,

v.                                   Civil Action No. 23-3127 (TJK)

VINAYAK SAXENA,

       *Defendant*.

## ORDER

On October 18, 2023, Defendant removed this case on the basis of federal diversity jurisdiction, claiming that while he is a resident of Maryland, Plaintiff is domiciled in Virginia. Plaintiff disputes this and moved to remand for lack of subject-matter jurisdiction. *See* ECF No. 10. The Court granted "limited discovery for 60 days on the issue of Plaintiff's state of domicile." *See* Minute Order of December 19, 2023. But before the end of that discovery period, the Court was informed of a discovery dispute between the parties. *See* Minute Order of February 22, 2024; Minute Order of March 22, 2024. The Court referred that dispute to a magistrate judge, but for several reasons, including the parties' delay in presenting their dispute to her, the dispute was referred back to the Court earlier this month, unresolved. The Court held a hearing on August 23, 2024, and for the reasons discussed below, the Court will compel Plaintiff to respond to certain interrogatories and requests for production of documents.

\*   \*   \*

In determining issues of citizenship for purposes of diversity jurisdiction, "the relevant evidence is that relating to the domiciles of the parties." *Prakash v. American Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984). "Domicile is determined by two factors: physical presence in a state,

and intent to remain there for an unspecified or indefinite period of time." *Id.* Any analysis of a party's domicile "must be fact-specific." *Wagshal v. Rigler*, 947 F. Supp. 10, 13 (D.D.C. 1996). Courts have generally accepted as indicia of domiciliary status current residence, a sworn declaration of domicile, voting registration, home ownership, ownership of personal property, automobile registration, a driver's license, bank accounts, and club membership." *Lopes v. Jetsetdc, LLC*, 4 F. Supp. 3d 238, 241 (D.D.C. 2014) (citing *Wagshal*, 947 F. Supp. at 13 and *Naegele v. Albers*, 355 F. Supp. 2d 129, 135 (D.D.C.2005)). Courts have also considered the "location of spouse and family, . . . place of employment or business, . . . and payment of taxes." *Mayer Brown LLP v. Dulcich, Inc.*, No. 12-cv-1318 (RWR), ECF No. 30 at *3 (D.D.C. 2013) (quoting *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

The standard for obtaining discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The district court has "considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction, but it must give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000) (internal quotation omitted).

Having considered Defendant's request to compel discovery responses from Plaintiff, as reflected in his Motion to Compel, ECF No. 16 and its attachments, a document submitted to the magistrate judge titled "Plaintiff's Stance on Jurisdictional Discovery," dated May 31, 2024, as

well as the arguments of the parties, the Court will compel certain responses, but declines to compel others. The Court finds that as far as Defendant has requested responses that relate directly to identified indicia of domicile, and are not unduly duplicative and burdensome, those responses should be compelled. Those requests include information about the specific addresses where Plaintiff and his family have resided, owned real estate, registered an automobile, were registered to vote, attended school, and where they have paid taxes. However, to the extent Defendant's discovery requests stray outside of those specific indicia, are duplicative and burdensome, or excessively infringe on Plaintiff's and his family members' privacy interests, the Court declines to compel responses. As the Court emphasized to the parties, Plaintiff may redact financial or other irrelevant data from any documents produced.

Thus, it is hereby **ORDERED** that Plaintiff shall fully respond to the following Interrogatories for which his response was identified by Defendant as deficient, *see* ECF No. 16, **for the entire period requested**:

(1) Interrogatory No. 1, to include the specific time Plaintiff resided at each address, however, Plaintiff need not identify any landlord;

(2) Interrogatory No. 2, to include the specific time each property was owned; however, Plaintiff need not identify the mortgagee for each property;

(3) Interrogatory No. 4, however, Plaintiff need not identify any vehicle VIN numbers;

(4) Interrogatory No. 6, to include identifying the types of taxes paid to each jurisdiction at what time;

(5) Interrogatory No. 7, except that Plaintiff need not identify the name, birthdate, or Social Security numbers for his family members, they may each be identified by relationship to Plaintiff and age;

(6) Interrogatory No. 8, except that Plaintiff need not provide any information about SNAP benefits; and

(7) Interrogatory No. 13.

It is **FURTHER ORDERED** that Plaintiff shall fully respond to the following Requests for Production for which his response was identified by Defendant as deficient, *see* ECF No. 16, **for the entire period requested**:

(1) Request No. 2;

(2) Request No. 3, but only for Plaintiff's cell phone statements or bills;

(3) Request No. 4, but only for Plaintiff's credit card statements or bills;

(4) Request No. 5;

(5) Request No. 7;

(6) Request No. 8;

(7) Request No. 10;

(8) Request No. 11, with all information except the addresses redacted; and

(9) Request No. 14.

It is **FURTHER ORDERED** that Plaintiff shall respond to these Interrogatories and Requests for Production no later than **September 13, 2024**; and the parties shall appear for an evidentiary hearing on the issue on Plaintiff's domicile and argument on his motion to remand on Friday, **September 20, 2024, at 9:30 a.m**., in Courtroom 11.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 23, 2024